IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE CHANDLER, | Case No. 2:21-CV-577 |
| Plaintiff, | J. |
| vs. | **CIVIL COMPLAINT** |
| LENSCRAFTERS, INC., | |
| Defendant. | |

## CIVIL COMPLAINT

AND NOW comes the Plaintiff, by and through his trial attorney, Erik M. Yurkovich, Esq., who files this Complaint, based upon the following.

### I. PARTIES

1. Plaintiff is Shane Chandler ("Chandler"), current employee of Defendant, who resides at 150 Vista Valley Road, Washington PA 15301.

2. Defendant is LensCrafters, Inc. ("LensCrafters") that has a principal place of business located at 4000 Luxottica Place, Mason OH 45040.

3. Defendant owns and operates a store locally at 1500 West Chestnut Street, Washington, Pennsylvania 15301 where the events of the claim took place.

### II. JURISDICTION

4. This case presents federal questions pursuant to Title 42 U.S.C. § 1981 for Continuing Race Discrimination in employment and Retaliation.

5. This case is also brought pursuant to the Equal Pay Act of 1963 and Retaliation.

### III. FACTS

6. Chandler is an adult black male, over the age of twenty-seven (27).

7. Chandler began working for LensCrafters on June 17, 2016 as an optician.

8. Chandler is currently employed by LensCrafters at store No. 0352 which is located at 1500 West Chestnut Street, Washington, Pennsylvania 15301 in Washington Crown Center ("the store").

9. Chandler has always been the only African American employee at the store and has always received the lowest rate of pay.

10. Chandler has performed well with no written discipline issues.

11. Chandler is an hourly employee and averages thirty-five (35) hours a week.

12. Chandler began to suffer disparate treatment because of his race in 2017.

13. In 2017, store manager Sid Tioni ("Tioni") took hours away from Chandler and gave them to a white co-worker because of his race.

14. Tioni also told Chandler, "Don't talk black" when serving African American customers and to "talk respectable."

15. Also in 2017, Tioni hired a white female in high school named Camilla, who was hired with no optician experience.

16. Tioni provided Camilla with a higher hourly wage than Chandler.

17. In 2018, Roxanne Hammer ("Hammer"), became the new store manager.

18. In 2018, Chandler complained to his district manager, David Parker ("Parker") that his rate of pay was discriminatory.

19. Chandler also complained that he was not being considered for the available "Team Lead" position.

20. Parker provided Chandler with a modest pay increase that still left Chandler earning less than his white co-workers and ignored his request to be considered for the Team Lead position.

21. On or about April 19, 2018, Hammer admitted to Chandler that Parker wanted him fired because of his complaints of race discrimination.

22. On or about December 8, 2020, Chandler remained dissatisfied with his pay and lack of promotion and sent a complaint email to Human Resources.

23. On December 15, 2020, an unknown male Human Resources representative called Chandler and said he would look into his complaints after the holidays, but Chandler never received a call back.

24. On January 26, 2021, Chandler had a meeting with District Manager, David Ashbaugh ("Ashbaugh") about his email to Human Resources.

25. During the meeting, Chandler again complained about discriminatory pay and a lack of promotion.

26. Ashbaugh responded that his lack of pay and promotion was based on alleged poor sales.

27. The offered reason is a pretext for discrimination because Chandler's sales were consistent with his co-workers and Chandler's job description did not emphasize sales.

28. After the meeting, Hammer was no longer cordial with Chandler.

29. For example, on January 27, 2021, Hammer told Chandler that he needed to buy new clothes because he was allegedly violating the dress code.

30. The allegation of a dress code violation was a pretext for retaliation because Chandler dressed well and routinely wore a tie while his white coworkers arrived in jeans and were not addressed.

31. Co-worker, Ashley Rosco ("Rosco") admitted to Chandler that she felt uncomfortable for him as she overhead Hammer's comments to Chandler.

32. Also in 2021, Hammer promoted white co-worker, Jeanie Allen ("Allen"), who had less experience than Chandler, to the Team Lead position he requested.

33. The Team Lead position was provided to Allen and intentionally not without posted to deny Chandler the opportunity to compete for the position.

34. On or about January 28, 2021, Chandler complained to Human Resources again by email about race discrimination in pay and the denied promotion opportunity.

35. On or about February 3, 2021, Human Resources Representative, Eric and Ashbaugh met with Chandler. They told Chandler "take a leap of faith with us." They told him if his sales increased, he would receive a raise.

36. They also told Chandler that he had to sell more "Blue IQ" "multiples" and have a higher dollar average per sale to get a raise or a promotion.

37. "Blue IQ" is a lens coating that screens artificial light.

38. "Multiples" refers to selling more than one pair of glasses to a customer.

39. The offered reasons are pretexts for discrimination because Chandler sold the most "Blue IQ" in his store and still did not get a raise or an opportunity for a promotion.

40. The offered reasons were pretexts for discrimination because sales were not emphasized in Chandler's job description and there were no set sales goals for Chandler to achieve.

41. At least eight (8) white employees, hired after Chandler, with no optical experience, were provided a higher wage than him. This includes: Camilla Sibert, Jeanie Allen, Ashley Rosco, Ellen Stebbins, Jackie Telega, Mara McBride, Nancy, Patty.

42. Chandler finally received his first performance review in March of 2021. The review was verbal and positive, but referenced he needed to sell more.

43. Chandler continues to have the longest tenure in the store with a record of good performance and have the lowest rate of pay and no promotion because of his race.

44. Defendant's disparate treatment of Plaintiff is willful and malicious.

## COUNT I: TITLE 42 U.S.C. § 1981:

## EQUAL PAY

45. Plaintiff is African American.

46. Plaintiff has suffered disparate treatment because of his race.

47. Defendant intentionally pays Plaintiff a wage lower than his white co-workers.

48. Defendant's offered reasons in support of Plaintiff's pay are pretexts for unlawful discrimination.

49. Plaintiff requests a judgment in his favor and all available relief, including but not limited to compensatory and punitive damages, costs, fees and attorney fees.

## COUNT II: 42 USC 1981:

## DENIED PROMOTION OPPORTUNITY

50. Plaintiff is a qualified African American optician with a record of good performance.

51. Plaintiff routinely sought an available Team Lead Position.

52. The sought position was provided to a white co-worker without providing him the equal opportunity to apply.

53. Defendant knew Plaintiff desired the position and knowingly denied him the opportunity to compete because of his race.

54. Plaintiff requests a judgment in his favor and all available relief, including but not limited to compensatory and punitive damages, costs, fees and attorney fees.

## COUNT III: 42 USC 1981:

## RETALIATION

55. Plaintiff engaged in protected activity and has routinely complained to Respondent about race discrimination.

56. Within a short proximity of time after complaining about race discrimination, Plaintiff suffered threats to his employment and continuing disparate treatment.

57. Plaintiff requests a judgment in his favor and all available relief, including but not limited to compensatory and punitive damages, costs, fees and attorney fees.

## COUNT IV: EQUAL PAY ACT

58. Plaintiff is African American and suffers disparate treatment from Plaintiff because of his race.

59. Defendant intentionally pays Plaintiff a wage lower than his white co-workers.

60. The offered reasons in support of the pay are pretexts for unlawful discrimination.

61. Plaintiff requests a judgment in his favor and all available relief, including but not limited to compensatory and punitive damages, costs, fees and attorney fees.

WHEREFORE Plaintiff prays for a judgment against the Defendant and all available relief for willful and malicious violations of federal law.

## JURY TRIAL DEMANDED

Respectfully submitted,

ERIK M. YURKOVICH, ESQ.
PA. I.D. No. 83432
207 Pine Creek Road
Building 1, Suite 201
Wexford, Pennsylvania 15090
T: 724.933.9199
erik.yurkovich@gmail.com

Attorney for Plaintiff:
Shane Chandler